IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ATHENS DIVISION

| | |
|---|---|
| JANAY WILLIAMS ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | CIVIL ACTION FILE |
| ) | NO.: 3:13-cv-60 |
| BULLOCK-SCOTT RESTAURANT ) | |
| GROUP OF GEORGIA L.L.C. and ) | |
| ROBERT ALLEN SORSDAHL, ) | |
| ) | |
| Defendants. ) | JURY TRIAL REQUESTED |

## COMPLAINT FOR DAMAGES

COMES NOW Plaintiff Janay Williams, and files this lawsuit against Defendants Bullock-Scott Restaurant Group of Georgia, L.L.C. (hereinafter "Bullock-Scott") and Robert Allen Sorsdahl (hereinafter "Sorsdahl"), and shows the following:

### Nature of Complaint

1.

Plaintiff brings this action to obtain full and complete relief and to redress the unlawful practices described herein.

2.

This action seeks declaratory relief, liquidated and actual damages for Defendant Bullock-Scott's discriminatory employment practices after

1

Defendant's intentional discrimination and retaliation under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e et seq., ("Title VII") and Defendant's intentional discrimination and retaliation under the Civil Rights Act of 1866, as amended by the Civil Rights Act of 1991, 42 U.S.C. § 1981 ("1981").

3.

This action seeks declaratory relief, liquidated and actual damages against Defendant Bullock-Scott for ratification of assault and negligent retention and hiring.

4.

This action seeks declaratory relief, liquidated and actual damages against Defendant Sorsdahl for assault.

**Jurisdiction and Venue**

5.

The jurisdiction of this Court is invoked pursuant to 28 U.S.C. § 1331 and 28 U.S.C. §1367.

6.

Defendant Bullock-Scott is a Georgia corporation subject to the jurisdiction of this Court.

7.

The unlawful employment practices alleged in this Complaint were

committed within this District at Plaintiff's former work location: 1397 Prince Avenue, Athens, Georgia 30606.  In accordance with 28 U.S.C. § 1391, and LR 3, Middle District of Georgia, venue is appropriate in this Court.

## Parties

8.

Plaintiff is a resident of the State of Georgia.

9.

Defendant Bullock-Scott may be served with process by delivering a copy of the summons and complaint to its registered agent, CT Corporation System, 1201 Peachtree Street, N.E., Atlanta, Georgia 30361.

10.

Defendant Sorsdahl may be served with process by delivering a copy of the summons and complaint to his home address at 250 Cheyenne Way, Auburn, Georgia 30666. In the alternative, he may be served at his place of employment at 1397 Prince Avenue, Athens, Georgia 30606.

## Administrative Procedures

11.

Plaintiff timely filed a charge of discrimination against Defendant Bullock-Scott with the Equal Employment Opportunity Commission (EEOC) numbered 410-2012-04294.

12.

The EEOC issued a "Notice of Right to Sue" on February 27, 2013, entitling an action to be commenced within ninety (90) days of receipt of that notice on charge number 410-2012-04294.

13.

This action was commenced within ninety (90) days of receipt of the "Notice of Right to Sue" for charge number 410-2012-04294.

**Factual Allegations**

14.

Plaintiff worked for Bullock-Scott at its Pizza Hut restaurant franchise from November 2009 until December 4, 2011.

15.

Defendant Sorsdahl was Plaintiff's manager at the restaurant from May 2011 until December 4, 2011.

16.

Between May and December 2011, Defendant Sorsdahl promoted Caucasian employees with little to no experience to management positions ahead of African-American employees who had longer tenure and had been training for management positions.

17.

In October 2011, Plaintiff informed Defendant Sorsdahl that she was pregnant.

18.

After Plaintiff told Defendant Sorsdahl she was pregnant, Defendant Sorsdahl made the following comment heard by Plaintiff: "I don't know why black women can't keep their legs together."

19.

Defendant Sorsdahl made other derogatory comments about both African-Americans and pregnant women between October and December 2011.

20.

On December 3, 2011, Sorsdahl and Plaintiff were both working at the restaurant and had a disagreement over providing a credit to a customer.

21.

Plaintiff, who had to use the restroom frequently due to her pregnancy, walked away and entered the restroom.

22.

Defendant Sorsdahl yelled at Plaintiff and made profane remarks toward Plaintiff while Plaintiff was in the ladies' restroom.

23.

Defendant Sorsdahl also banged heavily on the door of the ladies' restroom that was occupied by Plaintiff.

24.

Defendant Sorsdahl then punched a hole in the door of the ladies' restroom that was occupied by the Plaintiff.

25.

Defendant Sorsdahl threatened to terminate the employment of Plaintiff unless Plaintiff exited the restroom immediately.

26.

Plaintiff contacted the police from inside the restroom, who responded to the restaurant and interviewed Plaintiff, Defendant Sorsdahl and witnesses.

27.

Defendant Sorsdahl terminated Plaintiff that same day, December 3, 2011.

## COUNT I: ASSAULT (against Defendant Sorsdahl)

27.

Defendant Sorsdahl yelled at Plaintiff through the bathroom door and banged on the door so hard, he punched a hole through the door.

28.

Other company employees witnessed the threatening behavior towards Plaintiff and punching of the door by Defendant Sorsdahl.

29.

Defendant Sorsdahl intended to cause a harmful or offensive contact with Plaintiff and Plaintiff reasonably feared for her physical safety due to imminent apprehension of such a contact.

30.

Defendant Sorsdahl's actions caused Plaintiff to suffer extreme emotional distress, and required Plaintiff to incur significant medical and other expenses.

31.

Defendant Sorsdahl is liable to Plaintiff for all general and special damages proximately resulting from his assault on Plaintiff, as well as attorney fees under Georgia law.

## COUNT II: RATIFICATION
## (against Defendant Bullock-Scott)

32.

Defendant Sorsdahl, in the course of and furtherance of his work at or with Defendant Bullock-Scott, threatened Plaintiff in the presence of other employees. Defendant Bullock-Scott then allowed Defendant Sorsdahl to terminate Plaintiff following his assault on her.

33.

In choosing to willfully ignore Defendant Sorsdahl's assault against Plaintiff, Defendant Bullock-Scott acted to ratify the assault committed by Defendant Solomon.

34.

Defendant Bullock-Scott is liable for all compensatory and special damages suffered by Plaintiff as the result of Defendant Sorsdahl's actions, as well as attorney fees under Georgia law.

## COUNT III: NEGLIGENT RETENTION, HIRING, AND ENTRUSTMENT
### (against Defendant Bullock-Scott)

35.

Defendant Bullock-Scott delegated to Sorsdahl a degree of authority that subjected the will and discretion of Plaintiff to the direction and control of Sorsdahl.

36.

The intentional acts of Sorsdahl described herein are imputable to Defendant Bullock-Scott.

37.

Defendant Bullock-Scott had a duty to exercise ordinary care not to hire or retain Defendant Sorsdahl when they knew or should have known he posed a risk of harm to others, including Plaintiff.

38.

Defendant Bullock-Scott is liable for all compensatory and special damages suffered by Plaintiff due to the negligent retention, hiring, and entrustment of Defendant Sorsdahl, as well as attorney fees under Georgia law.

## COUNT IV: RESPONDEAT SUPERIOR
### (against Defendant Bullock-Scott)

39.

At all times material hereto, Defendant Sorsdahl was an employee of Defendant Bullock-Scott.

40.

At all times material hereto, the aforementioned intentional and/or tortuous conduct of Defendant Sorsdahl was within the scope of his employment with Defendant Bullock-Scott.

41.

At all times material hereto, the aforementioned intentional and/or tortious conduct of Defendant Sorsdahl was in furtherance of his employment with Defendant Bullock-Scott.

42.

Defendant Bullock-Scott is liable for the aforementioned intentional and/or tortious conduct of Defendant Sorsdahl under the doctrine of respondeat superior.

43.

Defendant Bullock-Scott is liable for all compensatory and special damages suffered by Plaintiff due to the above-stated actions of Defendant Sorsdahl, as well as attorney fees under Georgia law.

**COUNT V: GENDER DISCRMINATION IN VIOLATION OF TITLE VII OF THE CIVIL RIGHTS ACT OF 1964**
**(against Defendant Bullock-Scott)**

41.

Plaintiff is a female and during her employment with Defendant Bullock-Scott was a member of a class protected under Title VII against gender discrimination.

42.

At all relevant times, Plaintiff fully, adequately and completely performed all of the functions, duties and responsibilities of her employment with Defendant Bullock-Scott.

43.

The unwanted harassment by Defendant Sorsdahl at the restaurant owned by Defendant Bullock-Scott was based upon P1aintiff's sex, fema1e.

44.

At all relevant times, Defendant Sorsdahl was Plaintiff's immediate supervisor with authority over her working conditions, hours, and continued

employment.

45.

The unwanted harassment by Defendant Sorsdahl was verbal, threatening and humiliating.

46.

The verbal abuse heaped on Plaintiff was based on sexual stereotypes, including Plaintiff's pregnancy, and was repugnant and offensive to Plaintiff.

47.

The verbal abuse suffered by Plaintiff would have been offensive and repugnant to any reasonable person.

48.

At all relevant times, Defendant Bullock-Scott knew or should have known of the harassment of Plaintiff but took no corrective measures.

49.

Defendant Bullock-Scott failed to exercise reasonable care to prevent or promptly correct the gender discrimination caused by Defendant Sorsdahl.

50.

Defendant Bullock-Scott was on notice of Defendant Sorsdahl's misconduct and inappropriate conduct at the restaurant and took no action when Defendant Sorsdahl terminated Plaintiff, thereby approving or condoning the misconduct.

51.

As a direct and proximate result of the above unlawful employment practices, Plaintiff has suffered, and continues to suffer, the indignity of sexual discrimination, the invasion of the right to be free from sexual discrimination, great humiliation, emotional pain, mental distress, inconvenience, and mental anguish.

52.

As a further result of Defendant Bullock-Scott's above stated actions, Plaintiff has been, is being and will be deprived of income in the form of wages, prospective benefits, promotion opportunities and job assignments due to her as an employee, but denied because of her gender in an amount to be proven at trial.

**COUNT VI: RACE DISCRMINATION IN VIOLATION OF TITLE VII OF THE CIVIL RIGHTS ACT OF 1964
(against Defendant Bullock-Scott)**

53.

Plaintiff is an African-American and during her employment with Defendant Bullock-Scott was a member of a class protected under Title VII against race-based discrimination.

54.

At all relevant times, Plaintiff fully, adequately and completely performed all of the functions, duties and responsibilities of her employment with Defendant Bullock-Scott

55.

Plaintiff heard racially derogatory comments and witnessed racially discriminatory behavior by Defendant Sorsdahl.

56.

After Defendant Sorsdahl made a racially derogatory comment about African-American women directed at Plaintiff, Defendant Sorsdahl threatened to terminate Plaintiff and then did so.

57.

As a result of Defendant Bullock-Scott's policies and practices, Plaintiff was unjustly and discriminatorily deprived of equal employment opportunities because of her race.

58.

As a further result of Defendant Bullock-Scott's above stated actions, Plaintiff has been, is being and will be deprived of income in the form of wages, prospective benefits, promotion opportunities and job assignments due to her as an employee, but denied because of her race and in an amount to be proven at trial.

**COUNT VII: RACE DISCRMINATION IN VIOLATION OF
42 U.S.C. § 1981
(against Defendant Bullock-Scott)**

59.

Plaintiff was employed by Defendant Bullock-Scott, which employment was

contractual as that term is used in 42 U.S.C. § 1981.  Defendant Bullock-Scott, acting under color of law, discriminated against Plaintiff on the basis of race.

60.

As a result of Defendant Bullock-Scott's misconduct, Plaintiff has suffered mental and emotional distress including grief, shame, humiliation, embarrassment, anger, worry and disappointment.

61.

The actions of Defendant Bullock-Scott were willful, wanton, and intentionally directed to harm the Plaintiff.

62.

Defendant Bullock-Scott's actions were reckless and taken in willful disregard of the probable consequences of their actions.

### COUNT VIII: RETALIATION IN VIOLATION OF BOTH TITLE VII AND 42 U.S.C. § 1981
### (against Defendant Bullock-Scott)

63.

Defendant Bullock-Scott subjected Plaintiff to adverse employment actions after Plaintiff engaged in protected conduct including, *inter alia*, terminating Plaintiff after she informed the police about racial harassment and threats of bodily harm committed by Defendant Sorsdahl toward Plaintiff at Plaintiff's workplace.

64.

As a direct and proximate result of these actions, Plaintiff has suffered damages.

65.

Defendant Bullock-Scott, therefore, is liable for the damages caused proximately resulting from their retaliation.

**Prayer for Relief**

66.

**WHEREFORE**, Plaintiff respectfully requests that this Court grant Plaintiff:

(a) Judgment that Defendant Sorsdahl did engage in assault upon Plaintiff;

(b) Judgment that Defendant Bullock-Scott ratified the assault inflicted by Defendants Sorsdahl upon Plaintiff;

(c) Judgment that Defendant Bullock-Scott engaged in negligent hiring, supervision and retention of Defendant Sorsdahl to the detriment of Plaintiff;

(d) Judgment that Defendant Bullock-Scott is liable, through respondat superior, for the assault inflicted by Defendant Sorsdahl upon Plaintiff;

(e) Judgment that Defendant Bullock-Scott violated Title VII of the Civil

Rights Act of 1964 and 42 U.S.C. § 1981;

(f)  Judgment that Defendant Bullock-Scott retaliated against Plaintiff in further violation of Title VII of the Civil Rights Act of 1964 and 42 U.S.C. § 1981;

(g)  Damages for mental and emotional suffering against Defendant Sorsdahl for his assault upon Plaintiff;

(h)  Damages for mental and emotional suffering against Defendant Bullock-Scott due to its acts of discriminatory treatment and retaliation;

(i)  Punitive damages against Defendant Bullock-Scott due to its willful, malicious, intentional, and deliberate acts, including ratification, condonation and approval of said acts;

(j)  Damages equal to the amount of any wages, salary, employment benefits, or other compensation denied or lost to Plaintiff against Defendant Bullock-Scott due to its violations of the law as set forth above;

(k)  Reasonable attorney's fees and expenses of litigation;

(l)  Trial by jury as to all issues;

(m)  Prejudgment interest at the rate allowed by law;

(n)  Injunctive relief of reinstatement, or front pay in lieu thereof, and

prohibiting Defendant Bullock-Scott from further unlawful conduct of the type described herein; and

(o)  All other relief to which Plaintiff may be entitled.

Respectfully submitted this 24th day of May, 2013.

                **THE SHARMAN LAW FIRM LLC**

/s/ *Paul J. Sharman*
PAUL J. SHARMAN
Georgia State Bar No. 227207

The Sharman Law Firm LLC
11175 Cicero Drive, Suite 100
Alpharetta, GA 30022
Phone: (678) 242-5297
Fax: (678) 802-2129
Email: paul@sharman-law.com

Counsel for Plaintiff